IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRANDIN FREDERICKSEN, ) | |
| ) | |
| Plaintiff, ) | Case No. 15-CV-6261 |
| ) | |
| v. ) | |
| ) | |
| VILLAGE OF LYNWOOD ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, BRANDIN FREDERICKSEN, through his attorney, Daniel Q. Herbert of the Law Offices of Daniel Q. Herbert & Associates, makes the following complaint against the Defendant, VILLAGE OF LYNWOOD, and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for declaratory judgment and damages for violation of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* Plaintiff, Brandin Fredericksen, was a police officer employed by the Village of Lynwood, and plaintiff spent time training, caring for, and handling a trained police canine that was owned by the defendant, Village of Lynwood.

2. Plaintiff seeks declaratory judgment, recovery of monetary damages for unpaid compensation, liquidated damages, and payment of reasonable costs and attorney's fees under 29 U.S.C. §216(b).

## JURISDICTION AND VENUE

3. Jurisdiction over this matter is conferred upon this court by 28 U.S.C. § 1331.

4. Venue is proper in this district pursuant to the general venue statute, 28 U.S.C. § 1391 because all parties reside in this judicial district and the events pertaining to the claims made in this complaint occurred in this district.

## PARTIES

5. Plaintiff, Brandin Fredericksen, was a police officer employed by the Village of Lynwood at all times relevant to this complaint.

6. Defendant, Village of Lynwood, is an "employer" as defined in 29 U.S.C. §203(d) and is a "public agency" within the meaning of 29 U.S.C. §203(x).

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS

7. At all times relevant hereto, Plaintiff has been entitled to the rights, protections and benefits provided under the Fair Labor Standards Act, as amended, 29 U.S.C. §201, *et seq.* ("FLSA").

8. Plaintiff was hired as a Village of Lynwood Police Officer on April 28, 2005.

9. Plaintiff began to work in the K-9 unit of the Lynwood Police Department on May 1, 2012. On this date, Plaintiff's job duties as a police officer for the Village of Lynwood changed to include the required training, care, and handling of "Aik," a trained police canine.

10. In this position, Plaintiff was compensated $32.00 per hour, and $48.00 per hour for overtime, or time and a half pay.

11. Plaintiff reported to work for his normally scheduled shift with Aik, and spent his entire shift working with Aik. At the end of each shift, Plaintiff was required to return to his home with the village owned canine.

12. In addition to his regularly scheduled hours of work, Plaintiff, as required by his position in the K-9 Unit, cared for Aik, including: feeding, watering, grooming, bathing, exercising, cleaning up after, transporting, training and bonding with Aik.

13. Between the dates of May 1, 2012 and September 1, 2014 Plaintiff was required to perform the following off-duty activities:

    a. Two hours per day soaking the canine's food in order to prevent "bloat;"

    b. One hour a week brushing and grooming his canine;

    c. 30 minutes a day exercising his canine on his days off, or three days a week;

    d. Two hours a month taking the canine to a professional groomer;

    e. Twenty minutes each week cleaning the department's vehicle of dog hair and animal refuse;

    f. Two hours of time for each trip Plaintiff made to the vet for canine's checkups; and

    g. Three hours a week cleaning up canine's refuse, and playing with canine on Plaintiff's days off.

14. From May 1, 2012 through September 1, 2014, Plaintiff performed the required duties described in the preceding paragraphs in addition to his regularly scheduled work. He also cared for the village owned canine when he was on sick leave, vacation, or otherwise not at work during that time period.

15. Plaintiff was not compensated for the activities mentioned in the preceding paragraphs, during the time period of May 1, 2012 through September 1, 2014, amounting to significant hours of overtime per week that was not compensated.

16. Plaintiff stated several complaints to the Village of Lynwood Police Department Chief Russell Pearson regarding owed compensation for activities performed.

17. Defendant refused to pay Plaintiff the total amount of back-pay owed, and did not compensate Plaintiff for his required time spent in connection with care, training, and handling of Aik in addition to his regularly scheduled work hours.

18. The failure of the Village of Lynwood to compensate Plaintiff for the time during which he performed duties caring for, training, and handling the trained police canine Aik in addition to his regularly scheduled work hours violated the Fair Labor Standards Act, 29 U.S.C. §§206 and 207.

19. Under the Fair Labor Standards Act (FLSA) a law enforcement employee working over 171 hours per 28 day (or 42 and 314 hours in a workweek) must receive overtime pay. 29 C.F.R. § 553.230. An employee working in excess of those hours is entitled to receive at least a rate not one and one-half times the regular rate at which he is employed.

20. Under the FLSA Illinois federal district courts universally recognize that an officer's off-duty care of an animal owned by a municipality is something he must be compensated for.

21. At all relevant times, the activities performed by Plaintiff regarding the care and treatment of Aik were integrally related to his principal activity and were required activities.

22. At all relevant times, the activities performed by Plaintiff regarding the care and treatment of Aik were necessary to the business and were for the benefit of the Defendant.

23. Feeding, grooming, and walking Aik was an indispensable part of maintaining Aik as a law enforcement tool. These activities performed by Plaintiff related to his work duties of a canine officer.

24. At all relevant times Plaintiff's efforts at keeping Aik well-fed and free of disability were for the benefit of Defendant.

## **DAMAGES DUE TO THE CITY'S FLSA VIOLATIONS**

25. Defendant Village of Lynwood knew of the provisions of the FLSA and demonstrated a reckless and willful disregard for said provisions by failing to pay wages for canine training and care to Plaintiff during his employment as a canine handler.

26. As a result of said violations of the FLSA by the Defendant, there is now a sum due and owing Plaintiff.

27. It is necessary for the Plaintiff to have the services of an attorney to institute and prosecute this action against Defendant, Village of Lynwood.

WHEREFORE, Plaintiff BRANDIN FREDERICKSEN, respectfully requests that this Honorable Court:

a. Enter a declaratory judgment declaring that Defendant, Village of Lynwood, has willfully and wrongfully violated its statutory obligations, and deprived Plaintiff of his rights, protections and entitlements under the Fair Labor Standards Act;

b. Order complete and accurate accounting of all the compensation to which Plaintiff is entitled;

c. Award Plaintiff monetary damages in the form of wages and overtime compensation, and all other damages deemed necessary, for all hours worked handling, training, and caring for the trained police canine in addition to his regularly scheduled hours of work, plus interest;

    d.  Award Plaintiff liquidated damages for Defendant's willful violation of its statutory obligations under the Fair Labor Standards Act;

    e.  Award Plaintiff his reasonable attorney's fees and costs as provided in 29 U.S.C. §216(b); and

    f.  Grant such further relief as the Court deems just and proper.

Dated: July 17, 2015

                                                  Respectfully submitted,

                                                 /s/ Daniel Q. Herbert\_\_\_
                                                 Daniel Q. Herbert
                                                 Attorney for Plaintiff
                                                 ARDC # 6273940

Daniel Q. Herbert & Associates
206 S. Jefferson, Suite 100
Chicago, IL 60661
(312) 655-7660